UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNEA FREEMAN, KATTI FREEMAN, & DENNEA FREEMAN,<br><br>        Plaintiffs,<br><br>v.<br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR INC. f/k/a SOUTHWEST MARINE, INC., HUNTINGTON INGALLS INCORPORATED f/k/a NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, successor by merger to CONTINENTAL MARITIME INDUSTRIES, INC., NATIONAL STEEL AND SHIPBUILDING COMPANY, and DOES 1–400,<br><br>        Defendants. | Case No.:  22-cv-0934-L-KSC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO DISMISS [ECF No. 4]**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [ECF No. 5]**<br><br>**(3) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [ECF No. 6]** |

Pending before the Court in this wrongful death action are motions to dismiss filed by Defendant BAE Systems San Diego Ship Repair Inc. ("BAE"), Defendant Huntington Ingalls Incorporated ("HIC"), and Defendant National Steel and Shipbuilding Company

1
2
3
4
5

("NASSCO").[1]  (ECF Nos. 4, 5, 6.)  Plaintiffs Linnea Freeman, Katti Freeman, and Dennea Freeman (collectively, "Plaintiffs") opposed, (ECF Nos. 11, 12, 13), and Defendants filed replies, (ECF Nos. 14, 15, 16).  For the reasons stated below, HIC's motion to dismiss is denied in full while BAE's and NASSCO's motions to dismiss are granted in part and denied in part.

6

## I.   **BACKGROUND**

7
8
9
10
11
12
13
14
15

According to the allegations in the complaint, Plaintiffs are the surviving heirs of Dennis Freeman ("Decedent").  (ECF No. 1, Compl., at 2.)  Decedent worked as an insulation contractor at various shipyards in California, Washington and Hawaii beginning in about 1980 through the mid-1990s.  (*Id.* at 15.)  Decedent sustained lung injuries as a result of his inhalation of asbestos fibers released during the handling of asbestos-containing products at these jobsites.  (*Id.*)  Plaintiffs allege that Defendants manufactured, distributed, or sold asbestos-containing products and supplied, installed, or maintained such products at Decedent's worksites which resulted in his prolonged exposure and eventual illness and death.  (*Id.*)

16
17
18
19
20
21
22
23
24

Plaintiffs bring four causes of action for: (1) negligence under maritime law; (2) negligence under California law; (3) strict liability under maritime law; and (4) strict liability under California law.  (*See generally id.*)  Plaintiff Linnea Freeman, Decedent's wife, brings an additional claim for loss of consortium.  (*Id.* at 11–12.)  All Defendants move to dismiss Plaintiffs' negligence and strict liability claims for failure to state a claim, and BAE moves additionally to dismiss Linnea's claim for loss of consortium.  BAE also challenges this Court's subject-matter jurisdiction while HIC contends that this Court lacks personal jurisdiction over it.  Finally, BAE seeks dismissal of Plaintiffs' prayers for damages for fraud and punitive damages while NASSCO attacks Plaintiffs' specific

25
26
27
28

---

[1] Collectively referred to as "Defendants."

allegations of fraudulent conduct.  The Court begins by addressing the jurisdictional-related matters then turns to the sufficiency of the complaint.

## II.   SUBJECT-MATTER JURISDICTION

A party may challenge the Court's subject-matter jurisdiction by bringing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.*  "A 'facial attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

BAE's jurisdictional attack is facial, positing that the allegations in the complaint are insufficient to invoke federal jurisdiction. (ECF No. 6, at 12–14.)  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121.

BAE contends that this Court lacks maritime jurisdiction over the present action, (ECF NO. 6, at 12–14), while NASSCO argues the contrary, (ECF No. 5, at 10).  The Court agrees with NASSCO.

Federal courts have original jurisdiction to hear admiralty and maritime tort claims. U.S. Const. art. III § 2, cl.1; 28 U.S.C. § 1333(1).  "[A] party seeking to invoke federal maritime jurisdiction over a tort claim must satisfy both a location test and a connection test." *Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 982 (9th Cir. 2007) (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)).  The "location test" turns on "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Grubart*, 513 U.S. at 534. "The connection test raises two issues." *Id.*  "A court, first, must 'assess the general features of the type of incident involved,' to determine whether the incident has 'a

potentially disruptive impact on maritime commerce.'" *Id.* (quoting *Sisson v. Ruby*, 497 U.S. 358, 363–64 (1990)).   "Second, a court must determine whether 'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" *Id.* (quoting *Sisson*, 497 U.S. at 364 & n.2, 365).

In regard to the location test, Plaintiffs allege that Decedent was exposed to asbestos at various shipyards.  (ECF No. 1, at 15.)  It is undisputed that exposure to asbestos during the repair of vessels floating on navigable waters satisfies the location test, *Myhran v. Johns-Manville Corp.*, 741 F.2d 1119, 1121 (9th Cir. 1984), as do injuries incurred during the repair of ships in drydock, *Simmons v. The Steamship Jefferson*, 215 U.S. 130, 142 (1909); *Perry v. Haines*, 191 U.S. 17, 34 (1903).  With this in mind, and "drawing all reasonable inferences in [Plaintiffs'] favor," *Leite*, 749 F.3d at 1121, the Court concludes that Decedent's exposure through his work as an insulation contractor at various shipyards over the span of over a decade took place, at least in part, on "navigable waters" for purposes of satisfying the location test.

Turning to the first prong of the connection test, the Ninth Circuit has "taken an inclusive view of what general features of an incident have a potentially disruptive effect on maritime commerce." *In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1128 (9th Cir. 2009).  Indeed, in *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827 (9th Cir. 2002), the court held that a cruise ship passenger's claim for intentional infliction of emotional distress stemming from an employee's suggestion that her missing husband had likely been "sucked under the ship" and "chopped up by the propellers" fell within maritime jurisdiction because "[a] cruise line's treatment of paying passengers clearly has potential to disrupt commercial activity." 306 F.3d at 840–42.  Considered alongside the treatment of cruise ship passengers, the Court finds that deadly exposure to asbestos in shipyards certainly falls under the wide umbrella of activities that have the potential to disrupt commercial maritime activity.

Next, in order to show a substantial relationship to traditional maritime activity, "the tortfeasor's activity must be 'so closely related to activity traditionally subject to admiralty

law that the reasons for applying special admiralty rules would apply.'" *Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 983 (9th Cir. 2007) (quoting *Grubart*, 513 U.S. at 539).  The Court finds that Plaintiffs' allegation that Decedent was injured by unsafe work conditions in shipyards is sufficient to show a substantial relationship to traditional maritime activity.

In sum, Plaintiffs' complaint satisfies both the location and relationship test subjecting their claims to admiralty jurisdiction.

## III.   **PERSONAL JURISDICTION**

A complaint may be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis.  First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute.  Second, the exercise of jurisdiction must comport with federal due process." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994).  California's long-arm statute provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10.  This statute allows courts to exercise personal jurisdiction within the limits of due process. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003).  It follows that compliance with due process satisfies both parts of the test for personal jurisdiction.

Due process demands that a nonresident defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).  This "minimum contacts" requirement can be satisfied by establishing either general or specific jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004).  Plaintiffs here only allege specific jurisdiction over HIC.  (ECF No. 11, at 5.)

The Ninth Circuit employs a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).  Under that test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.*

"If the plaintiff succeeds in satisfying both of the first two prongs [of the test for minimum cotnacts], the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). "[W]here, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* That is, the plaintiff need only demonstrate facts that support a finding of jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether Plaintiff has met this burden, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011), but "conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor," *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

HIC moves to dismiss for lack of personal jurisdiction citing Plaintiffs' failure to provide facts connecting HIC to Decedent's asbestos exposure. (ECF No. 4, at 3–4.) In support of specific personal jurisdiction, Plaintiffs provide a deposition from a witness that worked with Decedent who states that he and Decedent were exposed to asbestos at Continental Maritime, (ECF No. 11-1, at 77), and a newspaper article that describes

Continental Maritime as a shipyard in San Diego, California, (*id.* at 110).[2]  HIC provides the articles of merger that show Continental Maritime Industries, Inc. merged into Newport News Shipbuilding and Dry Dock Company, (ECF No. 4-5, at 1), and a list of previous names which includes Newport News Shipbuilding and Dry Dock Company.  (ECF No. 4-4, at 1.)  Based on this information, the Court finds that Plaintiffs have alleged sufficient facts to establish specific jurisdiction over HIC.

As to the first prong of the Ninth Circuit's specific-jurisdiction test, the newspaper article places the Continental Maritime shipyard in California and the articles of merger and list of previous names connect HIC to Continental Maritime through Newport News Shipbuilding and Dry Dock Company.  Plaintiffs have therefore alleged sufficient facts to show that a corporation which later became HIC purposefully availed itself in California by operating a shipyard there.  Moreover, the second prong is also satisfied as Plaintiffs have sufficiently shown through the deposition that Decedent's injuries resulted at least in part from exposure that took place at the same California-based shipyard, giving rise to the instant action. Plaintiffs have made a prima facie case of personal jurisdiction over HIC who in turn has not set forth a compelling argument as to why the exercise of jurisdiction would be unreasonable.

The Court recognizes that there is the added complexity of successor liability here, and that "maritime law . . . requires a transfer of all or substantially all of the predecessor's assets to the alleged successor before successor liability will be imposed on that alleged successor." *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021).  While Plaintiffs will eventually be required to provide a viable basis for liability to maintain their claims against HIC, such a determination is highly fact-specific and not required to make a prima

---

[2] The Court considers extra-pleading material in determining whether it has personal jurisdiction over HIC but excludes the same evidence from consideration of whether the complaint states a claim.

facie showing of jurisdiction.  Accordingly, HIC's motion to dismiss for lack of personal jurisdiction is denied.

## IV.   **APPLICABLE LAW**

The Court now turns to the hotly contested matter of applicable law.  HIC cites to California law, (ECF No. 4, at 4–6), while  NASSCO argues that maritime law applies, (ECF No. 5, at 10–13), and BAE argues their position under both maritime and California law, (ECF No. 6, at 14–19).  Plaintiffs assert that the "saving to suitors" clause of 28 U.S.C. § 1333 allows them to pursue state claims in addition to their maritime claims.

The Ninth Circuit has held that tort claims "may arise under either state law or general maritime law." *Christensen v. Georgia-Pac. Corp.*, 279 F.3d 807, 814 (9th Cir. 2002).  But "if the district court could have maritime jurisdiction over a tort claim, 'substantive maritime law controls' the claim, 'whatever the forum or asserted basis of jurisdiction.'"  *Adamson v. Port of Bellingham*, 907 F.3d 1122, 1126 (9th Cir. 2018) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 366 n.1 (9th Cir. 1992)); *see also E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986) ("With admiralty jurisdiction comes the application of substantive admiralty law.").  As this Court has maritime jurisdiction over the present action, maritime law applies to Plaintiffs' claims.[3]

While "federal admiralty courts sometimes do apply state law," *Grubart*, 513 U.S. at 546, state law does not apply where it would be "inconsonant with the substance of federal maritime law," *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 207 (1996). State law therefore does not apply to Plaintiffs' California claims because "general maritime law has recognized the tort of negligence for more than a century," *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 820 (2001), and "has likewise

---

[3] In light of the Court's holding, the Court need not address Defendants' arguments sounding in California law.

recognized common-law principles of products liability for decades," *Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986, 993 (2019).

The "saving to suitors" clause does not alter this outcome. "The savings to suitors clause [of 28 U.S.C. § 1333] permits the plaintiff to bring an action 'at law' in the federal district court, provided the requirements of diversity of citizenship and amount in controversy are met." *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997). Plaintiffs fail to allege in their complaint any basis for diversity jurisdiction and therefore cannot benefit from the saving to suitors clause. In any event, the only differences between invoking diversity jurisdiction as opposed to maritime jurisdiction are procedural (namely, the availability of a jury trial), so the applicable substantive law is unchanged. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) ("Where the plaintiff exercises the right conferred by diversity of citizenship to choose a federal forum, the result is no different, even though he exercises the further right to a jury trial."). Thus, even if Plaintiffs had adequately pled diversity jurisdiction, federal maritime law would still apply to their state claims. Since the same substantive law applies to Plaintiffs' California and maritime claims for negligence and strict liability, the Court dismisses Plaintiffs' California claims as duplicative.[4] The Court then turns to Plaintiffs' remaining causes of action arising out of maritime law.

## V.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.   Legal Standard

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

---

[4] BAE's motion to dismiss Plaintiffs' California claims due to untimeliness is denied as moot. (*See* ECF No. 6, at 19–20.)

*see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment. Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**B.**   **First Cause of Action—Negligence (Maritime)**

**1.**   **BAE**

According to BAE, Plaintiffs cannot establish the elements of a negligence claim because they make undifferentiated claims against all Defendants. (ECF No. 6, at 15.) This group pleading makes it impossible to discern which defendant is responsible for any particular course of conduct, argues BAE. (*Id.* at 17.) "There is no flaw in a pleading, however, where collective allegations are used to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). It is not necessary here for Plaintiffs to allege specific actions for each Defendant because each Defendant is

accused of identical conduct committed separately as opposed to a case where the defendants are accused of acting in concert but the complaint fails to describe each defendant's role in the wrongdoing.  BAE's motion to dismiss Plaintiffs' negligence claim is denied.

### 2.   NASSCO

NASSCO maintains that Plaintiffs' cause of action for negligence is just a thinly veiled product liability claim and must be dismissed for the same reason that Plaintiffs' claim for strict liability cannot stand, which is discussed in more detail *infra*.  (ECF No. 5, at 13.)  To establish negligence under maritime law, Plaintiffs must show (1) duty; (2) breach; (3) causation; and (4) damages.  *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011).  Plaintiffs complain that Defendants "had a duty to exercise due care," each of them "breached said duty," and as a result of Defendants' acts or omissions, Decedent suffered "severe and permanent injury."  (ECF No. 1, at 6.)  Plaintiffs have properly stated a claim under a standard negligence theory and this alone is enough to survive a 12(b)(6) challenge.  *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically . . . .  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985) ("In light of the liberal pleading policy embodied in Rule 8(e)(2), we hold that a pleading should not be construed as an admission against another alternative or inconsistent pleading.").  NASSCO's motion to dismiss Plaintiffs' negligence claim is denied.

### 3.   HIC

HIC bases its motion to dismiss Plaintiffs' negligence claim on the group-pleading argument articulated by BAE.  (ECF No. 4-1, at 4.)  For the reasons stated above, HIC's motion to dismiss Plaintiffs' negligence claim is denied.  *See* Section II.D.1.

1

2

## C.   Third Cause of Action—Strict Liability (Maritime)[5]

### 1.   BAE

BAE moves to dismiss Plaintiffs' strict liability claim arguing that Plaintiffs have failed to establish the elements of causation; a necessary aspect of a strict liability claim. (ECF No. 6, at 17–18.)   To establish causation in asbestos-related injury cases under maritime law, a plaintiff must show: (1) actual exposure to asbestos-containing materials, and (2) "such exposure was a substantial contributing factor in causing [the] injuries." *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1174 (9th Cir. 2016).

The complaint states that Decedent "has used, handled, or been otherwise exposed to asbestos and asbestos-containing products," and that "Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury."  (ECF No. 1, at 6.) At this stage, Plaintiffs have sufficiently alleged that Decedent was actually exposed to asbestos and that such exposure wasn't just a substantial factor in causing his injuries but was the sole cause of his injuries.  Plaintiffs sufficiently plead causation to uphold their strict liability claims.

### 2.   NASSCO

NAASCO contends that Plaintiffs' strict liability claims are barred by maritime law because a Navy ship is not a "product" within the meaning of strict liability law under Ninth Circuit precedent.  (ECF No. 5, at 12–13) (citing *McIndoe.*, 817 F.3d at 1172).  While true, the complaint specifically alleges that Defendants, including NASSCO, "manufactured, fabricated, designed, [and] developed, . . . products containing asbestos and/or products which created an asbestos hazard . . . [that] were defective." (ECF No. 1, at 8.)  The complaint makes no mention of manufacturing Navy ships, and there is nothing in *McIndoe* to suggest that the court intended their holding to go beyond Navy ships and

---

[5] Although Plaintiffs do not address Defendants' strict liability arguments in their oppositions, the Court still considers whether dismissal is appropriate and does not deem the claims abandoned.  After all, "[t]he focus of any Rule 12(b)(6) dismissal . . . is the complaint," not the briefs. *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir.1998).

apply generally to products containing asbestos.[6]  Thus the Court cannot conclude at this juncture that Plaintiffs' claim is barred by law.

### 3.   HIC

HIC grounds its motion to dismiss Plaintiffs' strict liability claim in California law, arguing that Plaintiffs have not satisfied the requirements for pleading a multi-defendant action involving injury-producing products.  (ECF No. 4-1, at 4.)  Having found that maritime substantive law applies to Plaintiffs' claims, HIC's arguments are fruitless.  HIC also applies the group-pleading theory to Plaintiffs' strict liability claims which the Court previously found to be unavailing.  *See* Section II.D.1.  Accordingly, HIC's motion to dismiss Plaintiffs' strict liability claim is denied.

### D.   <u>Fifth Cause of Action—Loss of Consortium</u>

BAE moves to dismiss Plaintiff Linnea Freeman's claim for loss of consortium on the grounds that maritime law bars recovery for such a claim.[7]  (ECF No. 6, at 18–19.)  The Court agrees.

In contemplating issues similar to the one at hand, the Supreme Court strives to fulfill Congress's intent to "achieve uniformity in the exercise of admiralty jurisdiction."  *Miles v. Apex Marine Corp.*, 498 U.S. 19, 26 (1990) (quoting *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 401 (1970)).  It is well-established that loss of consortium claims are not available: (1) under the Jones act for the death of a seaman, *Miles*, 498 U.S. at 32; (2) under general maritime law for the death of a seaman, *id.* at 32–33; or (3) under the Death on the High Seas Act ("DOHSA") for the death of a non-seaman occurring on the high seas, *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 623 (1978).  It would be discordant with the Supreme Court's holdings and Congress' intent for this Court to allow recovery

---

[6] The court in *McIndoe* even declined to expand their holding to commercial non-Navy ships.  *McIndoe*, 817 F.3d at 1174 n.3 ("We express no opinion on the circumstances under which a commercially distributed or mass-produced vessel would qualify as a 'product' under maritime law.").

[7] Plaintiffs do not specify the law under which the loss of consortium claim is brought, but only address maritime law in their brief.  (*See* ECF No. 12, at 15–19.)  This fact, in combination with the Court's prior holding that maritime law applies, leads the Court to analyze the claim under maritime law only.

for loss of consortium in a case involving the death of a non-seaman that did not occur on the high seas.  Accordingly, BAE's motion to dismiss Plaintiffs' loss of consortium claim is granted without leave to amend.  *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

### E.   Punitive Damages

Plaintiffs include a request for punitive damages in their complaint, (ECF No. 1, at 12), but BAE argues that punitive damages, like loss of consortium claims, are not available under general maritime law, (ECF No. 14, at 7–9).

The Court begins by noting that the law concerning the availability of punitive damages in maritime cases is less settled than the law surrounding loss of consortium claims.  In *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009), the Supreme Court allowed an injured seaman to recover punitive damages for his employer's willful failure to pay maintenance and cure.  557 U.S. at 407.  In so holding, the Supreme Court reasoned that "[h]istorically, punitive damages have been available and awarded in general maritime actions, including some in maintenance and cure."  *Id.*  But a decade later, the Supreme Court held that punitive damages are unavailable in unseaworthiness actions "because there is no historical basis for allowing punitive damages in unseaworthiness actions."  *The Dutra Group v. Batterton*, 139 S. Ct. 2275 (2019).  Thus, the pertinent question here seems to be whether there is a historical basis for allowing punitive damages for negligence and strict liability claims arising out of maritime law.  *See Batterton*, 139 S. Ct. at 2283.  The answer to this question is not abundantly clear from the pleadings and would require the Court to engage in an inquiry that is not appropriate at this stage of the proceedings.  The Court therefore declines to dismiss Plaintiff's claim for punitive damages.

### F.   Fraud Allegations and Damages for Fraud

Plaintiffs' complaint is replete with allegations that Defendants' actions were "fraudulent, oppressive, and malicious," among other similar terms.  (ECF No. 1, at 7, 10.)

14

NASSCO moves to dismiss these allegations for failure to meet the heightened pleading standard under Rule 9 for claims sounding in fraud.  (ECF No. 5, at 16–24.)  NASSCO argues alternatively that Plaintiffs' fraud claims fail to satisfy the lower plausibility requirement under Rule 8.  (ECF No. 5, at 21.)

Rule 9(b) provides in part "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  That is exactly what Plaintiffs have done here.  Moreover, Plaintiffs' allege fraud in connection with their claim for punitive damages, not as standalone causes of action.  (ECF No. 12, at 20; ECF No. 13, at 8.)  Plaintiffs are not therefore required to plead the substantive requirements of a cause of action arising out of fraudulent conduct.  Accordingly, NASSCO's motion to dismiss these allegations is denied.

BAE argues in a similar vein that Plaintiffs' request for "damages for fraud" should be dismissed because Plaintiffs fail to state a claim for fraud that would call for such damages.  (ECF No. 6, at 22–23.)  The Court agrees.  Plaintiffs make a naked request for damages for fraud that is not associated with a substantive cause of action.  Without pleading the elements of a claim based on fraudulent conduct, Plaintiffs cannot recover damages for fraud.  BAE's motion to dismiss this request is granted without leave to amend.

## VI.  **CONCLUSION**

For the forgoing reasons, BAE's motion to dismiss Plaintiff Linnea Freeman's claim for loss of consortium is **GRANTED** without leave to amend.  BAE's motion to dismiss Plaintiffs' request for damages for fraud is **GRANTED** without leave to amend.  Plaintiffs' claims for negligence and strict liability under California law are **DISMISSED** as duplicative.  Defendants' motions to dismiss all other claims are **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 23, 2023

Hon. M. James Lorenz
United States District Judge

15

22-cv-0934-L-KSC